W. SCOTT TAYLOR, JR., complainant,

*v.*

CITY OF TRENTON, defendant.

[Decided February 27th, 1925.]

**Municipalities—Improvements—Damages in Widening Street— Bill to Set Aside Release Given by Property Owner—No Ground for Setting Aside Release Because of Misrepresentation or of Mutual Mistake of Fact—Duty to Award Just and Fair Compensation, but Not More—If Complainant Believed He Had No Appeal It was a Mistake of Law, Not of Fact, and was Not Induced by Assessors or by City.**

On final hearing.

*Mr. James J. McGoogan,* for the complainant.

*Mr. Charles E. Bird,* for the defendant.

BUCHANAN, V. C.

The bill is filed to set aside a release given by complainant to defendant, on his acceptance of an award of $16,120 for

the taking of a strip of five feet across the front of complainant's premises in connection with a street widening improvement. The taking of this strip entailed cutting off five feet from the front of complainant's building, and necessarily, therefore, the replacement of the front wall and some considerable alterations of the interior of the building.

Complainant says that he estimated his damages at $21,000, and submitted this to the city assessors. This, apparently, included a sum of $3,300, the value of the land only, leaving about $18,000 as his estimate of the consequential damages at $12,820. He alleges that he relied on the city's estimate, and accepted the award, which, with the amount for land and loss of rents during alterations, totaled $16,120.

It is clear that there is no ground for setting aside the release on the ground of misrepresentation (no fraud or lack of good faith is charged or intimated). The proofs do not show any representation. The mere statement of the assessors that their estimate of the cost of repairs, &c., was $12,000, cannot be called a representation. It was, admittedly, only an estimate, with the assistance of an architect and one or more building contractors.

I think it is likewise clear that the relief cannot be granted on the ground of mutual mistake of fact. Assuming, without deciding, that a mutual mistake as to a matter of estimate may be deemed a mutual mistake of fact, the estimate in question was an estimate of the cost of making repairs, alterations and improvements to complainant's buildings in accordance with a particular plan or scheme of complainant. Some portion of the work involved in this plan comprised repairs and replacements necessitated by the cutting off of the front five feet of the building; other portions of the work were improvements not so necessitated, such, for example, as the putting in of new floor and the replacement of the old furnace or boiler with a new one.

The duty of the assessors, under the law, was to award to complainant, for the taking of his lands and the consequential damage, just and fair compensation, but not more. Complainant's plan for "revamping" his premises may well

have been the best thing for him to do under the circumstances, but the proofs do not show that the cost of carrying out this entire plan, in fact, was not in excess of just and fair compensation for his actual damages, nor that it was in excess of the judgment of the assessors as to such just and fair compensation.

In other words, the proofs do not show that the assessors intended to award complainant, as just and fair compensation for his damages, the entire estimated cost of execution of complainant's entire plan, and made a mistake in estimating such entire cost.

It also appears that complainant believed he had no appeal from the amount determined by the assessors. That, however, was a mistake of law, not of fact; was not a mutual mistake, and was not induced by the assessors or the city, and hence cannot entitle complainant to the relief sought.

The bill must be dismissed.